**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 18, 2009

Charles R. Fulbruge III
Clerk

No. 09-50534
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

AUSENCIO GARCIA-HERRERA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:08-CR-1140-1

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Ausencio Garcia-Herrera appeals the 46-month prison sentence imposed by the district court after he pleaded guilty to illegal reentry following deportation after conviction of an aggravated felony, in violation of 8 U.S.C. § 1326(a), (b)(2). Garcia-Herrera argues that his sentence (1) is greater than necessary to meet the sentencing goals set forth in 18 U.S.C. § 3553(a) because it fails to adequately account for his circumstances and motives, and (2) is not entitled to the appellate presumption of reasonableness because the Guideline

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

upon which his sentence was based, U.S.S.G. § 2L1.2, is not supported by empirical data or national experience.

Garcia-Herrera acknowledges that his argument regarding the § 2L1.2 Guideline is foreclosed in this circuit, indicating that he raised it merely to preserve it for future Supreme Court review. Because Garcia-Herrera's argument is foreclosed, we need not consider it further. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009).

Furthermore, Garcia-Herrera has not shown that the 46-month sentence imposed by the district court was unreasonable. Because Garcia-Herrera requested a below-guidelines sentence in the district court, our review is for abuse of discretion. *Id*. at 360. We review the district court's interpretation of the Sentencing Guidelines de novo and its factual findings for clear error. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Because Garcia-Herrera's 46-month sentence was within the properly calculated guideline range of 46 to 57 months, it is presumptively reasonable. *See United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir.), *cert. denied*, 129 S. Ct. 328 (2008). Garcia-Herrera has not rebutted the reasonableness presumption. The record reflects that the district court considered Garcia-Herrera's arguments, the presentence report, and the appropriate § 3553(a) factors, including the nature and circumstances of the offense, the history and characteristics of Garcia-Herrera, and the need for the sentence imposed to promote respect for the law, deter future criminal conduct, and protect the public. For example, the district court considered the facts that Garcia-Herrera illegally returned to the United States during a previously imposed term of supervised release and that Garcia-Herrera had recently begun abusing powder cocaine. The district court also considered Garcia-Herrera's argument that he needed to support his family, which was also reflected in the letters submitted on Garcia-Herrera's behalf by his friends and family. Because

the district court considered the appropriate sentencing factors and articulated a reasoned basis for imposing the 46-month sentence, Garcia-Herrera has not established that the district court abused its discretion in the imposition of his sentence. *See Campos-Maldonado*, 531 F.3d at 338.

AFFIRMED.